**Opinion filed March 24, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00311-CR

_____

## RICKY SOTO STOKES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 09030D**

## M E M O R A N D U M   O P I N I O N

Ricky Soto Stokes was indicted for possession of less than a gram of methamphetamine. The jury found Stokes guilty, and the trial court assessed his punishment at sixteen months in a state jail. We affirm.

### I. *Background Facts*

Stokes was on parole and was required to give a monthly urine specimen. Martin Hernandez, Stokes's parole officer, was monitoring Stokes while Stokes provided a specimen when he noticed Stokes act unusually. Stokes had turned his body so that Officer Hernandez could not adequately see, and Stokes appeared to be nervous. Officer Hernandez directed Stokes

to drop his pants further. When he did so, Officer Hernandez saw a fake penis. Officer Hernandez seized the fake penis, some tubing, and a bag of urine from Stokes, and he took Stokes out of the restroom and placed him in a chair in a cubicle. Stokes kept his hands in his pockets, and he still seemed very nervous. Officer Hernandez called his supervisor. They spoke to Stokes for several minutes. Officer Hernandez left Stokes alone for less than a minute to wash his hands. When he returned, he saw something by Stokes's right foot. Officer Hernandez described it as a video game cartridge. Officer Hernandez asked Stokes if it was his. Stokes said no. The cartridge contained several small baggies. The baggies contained a trace amount of powder. The powder was tested and was determined to be methamphetamine.

## II. *Issues*

Stokes raises two issues on appeal. He argues that the evidence was legally and factually insufficient to establish possession of methamphetamine. Because of the Texas Court of Criminal Appeals's decision in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), our review is restricted to the legal insufficiency issue.[1]

## III. *Was the Evidence Legally Sufficient?*

To determine whether evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

Stokes argues that there was insufficient evidence to link him to the trace amount of methamphetamine found near his foot. When, as here, the contraband is not found on the defendant's person or a place he exclusively possesses, it may still be affirmatively linked to him through independent facts and circumstances. *Brown v. State*, 911 S.W.2d 744, 745-48 (Tex. Crim. App. 1995). Affirmative links are circumstances, in addition to presence, that justify the conclusion that the defendant knowingly possessed the contraband. *Evans v. State*, 202 S.W.3d

---

[1]In *Brooks*, the court held that there is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." 323 S.W.3d at 894, 902, 912 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979), and *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). We note that Stokes did not have the benefit of the *Brooks* opinion when this case was briefed.

158, 162 (Tex. Crim. App. 2006). Circumstances that can link a defendant to contraband include the following: (1) that the defendant was present where the substance was found; (2) that the contraband was in plain view; (3) that the contraband was found in proximity to and was accessible to the defendant; (4) that the defendant was under the influence of the drugs; (5) that the defendant possessed other contraband; (6) that the defendant made incriminating statements; (7) that the defendant attempted to flee; (8) that the defendant made furtive gestures; (9) that there was an odor of contraband present; (10) that the defendant owned or had a right of possession to the place where contraband was found; (11) that the drugs were found in an enclosed space; and (12) that the defendant had a large amount of cash. *Id.*

The game cartridge was found in plain view, near Stokes's right foot. The State did not take a urine sample from Stokes, but the jury could infer that he was using drugs because of his attempt to cheat on the test. Stokes did not possess any other contraband, make any incriminating statement, or attempt to flee. There was no odor of contraband, he did not own or have a right of possession to the cubicle, and there was no evidence of how much cash he had. Stokes was, however, visibly nervous while sitting in the cubicle, and he kept his hands in his pockets. The game cartridge was found next to Stokes's foot, was found immediately after he was left alone, and had not been noticed previously by Officer Hernandez or his supervisor.

Stokes argues that his possession of a fake penis is not a link to the game cartridge, and he relies upon *Allen v. State*, 249 S.W.3d 680 (Tex. App.—Austin 2008, no pet.), for the proposition that possession of one item of contraband does not necessarily link a defendant to possession of a different type of contraband. With this we agree. If the fake penis had been found in different circumstances, its probative weight could be easily discounted. But because Stokes was attempting to use it to defeat a drug test, it is probative to explain his actions immediately before and after his test.

Stokes next argues that we should give little, if any, consideration to the fact that the game cartridge was found near his foot because (1) no one saw him put anything on the floor, (2) Officer Hernandez did not inspect the cubicle before seating Stokes, (3) his fingerprints were not on the cartridge, and (4) several people had access to this area. Stokes is correct that each of these facts provides a reason why the jury might discount the proximity of the cartridge to his foot, but there was also evidence supporting a connection.

3

Officer Hernandez described the cubicle's size by reference to objects in the courtroom, and so we unfortunately can draw little conclusion from that testimony. But the State did introduce into evidence a picture of the cubicle. That picture confirms that the cubicle is a small, uncluttered area and that it would be easy to notice anything placed on the floor. Officer Hernandez acknowledged that he did not search the cubicle before seating Stokes. He did, however, also testify that nothing caught his eye when he accompanied Stokes to the restroom, that he did not see anything when he took Stokes to the cubicle, and that he and his supervisor stood there and talked to Stokes for fifteen to twenty minutes. The first time Officer Hernandez saw anything on the ground was after briefly leaving Stokes alone. The jury could have reasonably concluded that Stokes dropped the cartridge on the floor while he was left unattended or that the State failed to carry its burden of proof depending upon the jury's assessment of Officer Hernandez's credibility. Because we cannot second-guess that determination, we must assume that the jury found his credibility favorable. If so, they could consider the cartridge's proximity to Stokes's foot.

Considering the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that Stokes possessed the trace amount of methamphetamine found near his foot. The evidence is legally sufficient to support Stokes's conviction, and his two issues are overruled.

## IV. *Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE
JUSTICE

March 24, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4